GOHN *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 47, September Term, 1964.]

*Decided October 20, 1964.*

Before HENDERSON, C. J., and HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

HENDERSON, C. J., delivered the opinion of the Court.

In this application for leave to appeal from a denial of post conviction relief by Judge Sodaro, the applicant first contends that "no witness testified against me at my original trial with respect to the commission of the crime." If we assume, without deciding, that this allegation goes not merely to the sufficiency of the evidence (as Judge Sodaro thought) but to a denial of a constitutional right, we find no support for the allegation in the record. Judge Sodaro stated in his opinion filed herein that he had reviewed the transcript of the testimony at the trial for the purpose of passing upon the legality of his arrest (a point abandoned in this application). He pointed out that the applicant was found in an injured condition, near a stolen automobile that had crashed on the Jones Falls Expressway. He was taken to the Maryland General Hospital, and freely admitted that he had been riding in the damaged car, although he denied that he was the driver. The circumstantial evidence plus his admission was clearly sufficient to permit the trier of facts to draw the inference that he was guilty of unauthorized use, the crime for which he was convicted.

The second contention is that he is "serving two sentences for the same crime." It is based on the fact that the applicant

was convicted by Judge Harris on May 20, 1963, and sentenced on June 26, 1963, to not more than three years in the Maryland Institution for Men, the sentence to run from March 19, 1963, the date he was committed to jail. But on September 11, 1963, the sentence was stricken out by Judge Harris, to permit the applicant to proceed with a motion for new trial. The basis for this ruling was that the applicant had signed a letter asking for new trial the day following his conviction, but it had been sent to the Court of Appeals. Judge Harris ruled that the applicant was entitled to a belated hearing on the motion, and struck out the sentence. After the motion was heard and denied, he imposed a three-year sentence, without any credit for the time spent in prison, some ten months additional to the original sentence.

While it can hardly be maintained that applicant is "serving two sentences," it might well be contended that the increase in the second sentence was beyond the authority of the sentencing court under the circumstances. We are constrained to grant leave to appeal in order that this point may be briefed and argued, and shall appoint counsel for the applicant for this purpose.

*Leave to appeal granted.*